IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUTRICIA CODY, an individual, | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE FAIR DEBT** |
| v. | ) **COLLECTION PRACTICES ACT** |
| | ) **("FDCPA")** |
| DURHAM & DURHAM, L.L.P., a Limited Liability Partnership, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")**

**INTRODUCTION**

1.

Plaintiff Loutricia Cody ("Plaintiff") files this Complaint for Damages against the Defendant Durham & Durham, L.L.P. ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by attempting to collect a debt that the Defendant was not authorized to collect from Plaintiff and which Plaintiff did not owe.

1

2.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions.

3.

The FDCPA forbids "debt collectors" from, among other things: (1) engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person," 15 U.S.C. § 1692d, (2) making a "false, deceptive, or misleading representation," 15 U.S.C. § 1692e, or (3) using "unfair or unconscionable means" to attempt to collect a debt, 15 U.S.C. § 1692f. Section 1692e specifically prohibits false representation of "the character, amount, or legal status of any debt" and "the use of any false representation . . . to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2)(A), (10). *Sykes v. Mel Harris & Associates, LLC*, 757 F. Supp. 2d 413, 420-21 (S.D.N.Y. 2010).

4.

There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

5.

The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352-53 (11th Cir. 2009).

6.

The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id*.

7.

The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated

consumer would be deceived or misled by the debt collector's practices. *Id*. at 1175-76.

## JURISDICTION AND VENUE

8.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce, any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

9.

This Court has personal jurisdiction over the Defendant for the purposes of this action because Defendant transacts business in the State of Georgia and the acts that form the basis for this suit occurred within the State of Georgia and this judicial district.

10.

Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil

4

action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

11.

Plaintiff is a natural person who is a resident of DeKalb County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

12.

Defendant Durham & Durham, L.L.P. ("Defendant") is a debt collection law firm operating within, and actively collecting or attempting to collect consumer debts in, the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.

Defendant is a law firm in the business of debt collection and has no other purpose than the collection of debts.

14.

The principal purpose of Defendant's business is the collection of consumer debt.

15.

Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16.

Defendant uses the mails and interstate commerce in the collection of consumer debts.

17.

Defendant regularly mails letters to consumers and attempts to collect debts from consumers residing in this judicial district and throughout Georgia.

18.

Defendant, through the mailing of debt collection letters, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19.

Summons and Complaint may be served on Defendant at its principal office address located at 5665 New Northside Drive, Suite 510, Atlanta, Georgia 30328.

## STANDING

20.

Plaintiff has suffered an injury-in-fact as a result of Defendant's violations of the FDCPA.

21.

Defendant's violations of the FDCPA have caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend time and resources, which would not have occurred but for Defendant's violations of the FDCPA.

22.

Plaintiff's injury is concrete and actually exists because Defendant's violations of the FDCPA caused Plaintiff to suffer unnecessary stress and anxiety, as well as caused Plaintiff to expend time and resources, which would not have occurred but for Defendant's violations of the FDCPA.

23.

Defendant's violations of the FDCPA have violated Plaintiff's statutory rights.

24.

The FDCPA statutorily creates Plaintiff's right to true and accurate information as well as a private right of action to enforce this statutorily created right to be provided true and accurate information.

25.

The FDCPA's statutorily created rights go beyond the right to just information—these rights include consumer rights to truthful and correct

information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

26.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

27.

Plaintiff's injuries caused by Defendant's violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost time and resources.

**FACTUAL ALLEGATIONS**

28.

On or about March 1, 2019, Plaintiff was injured in a work-related accident which required medical treatment or services.

29.

A portion of such necessary medical treatment or services was provided by South Fulton Emergency Physicians.

30.

After the work-related accident, Plaintiff was transported directly to the emergency room at Atlanta Medical Center.

31.

Plaintiff told the staff that admitted her to the emergency room that she suffered the injury in a work-related accident.

32.

Plaintiff told the staff that admitted her to the emergency room that she was being treated for an injury that would be covered by workers' compensation insurance.

33.

O.C.G.A. § 34–9–200(a) requires "an employer to furnish the injured employee with medical treatment which 'shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment.'" *Lane v. Williams Plant Servs.*, 766 S.E.2d 482, 486 (Ga. Ct. App. 2015).

34.

Defendant sent a debt collection letter dated April 1, 2020, addressed to Plaintiff Loutricia Cody (the "debt collection letter"). A true and accurate copy of the debt collection letter is attached hereto as Exhibit "A."

35.

The debt collection letter alleged that Plaintiff owed an outstanding balance of $790.00 on an outstanding medical invoice.

36.

The debt collection letter stated in part: "Medical services have been provided to you by the creditor as noted above and full payment has not been received for these services. Your account in the amount shown above has been forwarded to this office by the physician group for accountability. This outstanding balance is your responsibility."

37.

The debt collection letter also stated: "Please send payment to the address listed below so we may clear your debt from our records."

38.

The referenced creditor on the debt collection letter was "South Fulton Emergency Physicians." The alleged balance due arose from "medical services" related to Plaintiff's documented workplace injury and is a "debt" within the

10

meaning of 15 U.S.C. § 1692a(5). *See Jimenez v. Account Servs.*, 233 F. Supp. 3d 1359, 1364 (S.D. Fla. 2017) (finding that so long as the complaint demonstrates that the "underlying debt involves, for example, 'a mortgage, credit card, medical bill, or other consumer debt,'" a consumer debt is established).

39.

Plaintiff was disturbed when she received the debt collection letter and suffered from emotional distress as she began to worry about how she would pay the debt, what would happen to her if she could not pay the debt, and whether Defendant had placed negative information on her credit report.

40.

Plaintiff Loutricia Cody is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person who Defendant alleged was obligated to pay a consumer debt.

41.

The outstanding balance that Plaintiff was allegedly obligated to pay to Defendant is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as it arose out of a transaction in which the services which were the subject of the transaction were primarily for personal, family, or household purposes.

42.

Defendant is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), as Defendant used instruments of interstate commerce in order to attempt to collect the debt from Plaintiff, including the use of the United States Mail, and because the principal purpose of Defendant's businesses is the collection of debts and/or Defendant regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

43.

The debt collection letter from Defendant Durham & Durham L.L.P. states that "We are debt collectors attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose."

44.

The debt collection letter concerns a debt which was allegedly in default at the time it was obtained Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

45.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.

Based on information and belief, Defendant violated the Fair Debt Collection Practices Act ("FDCPA").

47.

15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

48.

Defendant violated 15 U.S.C. § 1692e because, pursuant to the Georgia Workers' Compensation Statute, O.C.G.A. § 34-9-1 et seq., Plaintiff did not owe the debt and therefore, the debt collection letter was false, deceptive, and/or misleading.

49.

The debt collection letter misled Plaintiff as she believed that she owed the debt since the letter was from a law firm, appeared legitimate, and because Plaintiff does not understand the intricacies of Georgia's workers' compensation laws and therefore did not know that the outstanding balance was not actually her responsibility.

50.

15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." *Sanchez v. United Collection Bureau, Inc.*, 649 F. Supp. 2d 1374, 1379 (N.D. Ga. 2009).

51.

Defendant's debt collection letter falsely represents "the character, amount, or legal status" of the debt by stating that Plaintiff is responsible for the alleged debt when, in fact, she is not.

52.

Defendant's debt collection letter falsely represents the character and legal status of the debt by including the statement "[t]his outstanding balance is your responsibility."

53.

Defendant's debt collection letter falsely represents the character and legal status of the debt by including the statement "[p]lease send payment to the address below so we may clear **your debt** from our records." (emphasis added).

54.

15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th

Cir. 1985).

55.

Defendant violated 15 U.S.C. § 1692e(10) because the debt collection letter, addressed to Plaintiff, made the false representation that "[t]his outstanding balance is your responsibility."

56.

Defendant's actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

57.

Defendant violated 15 U.S.C. § 1692f because the debt collection letter attempted to collect an amount from Plaintiff which was not expressly authorized by agreement or permitted by law.

58.

Defendant's actions have caused Plaintiff anxiety, stress, emotional distress, lost time, lost resources, and have resulted in actual and direct harm to Plaintiff.

59.

As result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **JURY DEMAND**

60.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1) Find Defendant liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2) Award Plaintiff the full $1,000 statutory damages for Defendant's FDCPA violations;

(3) Award Plaintiff actual damages;

(4) Award Plaintiff damages sufficient to offset any tax liability Plaintiff may incur because she was acting as a private attorney general to enforce the provisions of the FDCPA as contemplated by Congress;

(5) Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(6) Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted August 7, 2020.

/s/ Jerry T. Parisi
Jerry T. Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

The Parisi Law Firm, LLC
2897 N. Druid Hills Rd. #349
Atlanta, Georgia 30329
Ph.    404.594.5130
Fax    404.393.2691
jerry@parisifirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

Respectfully submitted August 7, 2020.

/s/ Jerry T. Parisi
Jerry T. Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

The Parisi Law Firm, LLC
2897 N. Druid Hills Rd. #349
Atlanta, Georgia 30329
Ph.   404.594.5130
Fax   404.393.2691
jerry@parisifirm.com